## EDWARD B. MARKS MUSIC CORPORATION v. WONNELL et al.

District Court, S. D. New York.

Aug. 21, 1944.

Julian T. Abeles, of New York City, for plaintiff.

Isidore Scherer, of New York City, for defendant Mattie E. Shanks.

Irwin H. Clark, of New York City, for defendants Sallie Black Waldo and Harry S. Wonnell, administrator, etc.

KNOX, District Judge.

This is a motion under Rule 39(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to strike out a demand for a trial by jury made pursuant to Rule 38(b).

The suit is an action of interpleader brought under 28 U.S.C.A. § 41(26). The plaintiff, having published a certain song, has paid into Court the royalties which accrued thereon, and has named as defendants, the administrator of the estate of the person who wrote the song, and the former wives of the song writer. Defendant Wonnell, the administrator, in his answer denies various of the allegations in the complaint, and then interposes a counterclaim demanding that "plaintiff be required specifically to perform" the contract by which it agreed to pay royalties to the song writer, and to pay the moneys due to the administrator. Defendant Sallie Black Waldo, one of the song writer's wives, filed an answer copying the answer of the administrator, including a request for specific performance of the contract by which she granted renewal rights to the plaintiff in return for royalties. Defendant Willie Icia Black has voluntarily appeared, and has filed no other papers in the case. Defendant Mattie E. Shanks filed an extensive answer denying several of the allegations in the complaint and asserting that she helped write the song. The prayer for relief in her counterclaim contains a request that the renewal of the copyright and certain assignments be ordered stricken from the records of the "Copyright Office of the United States," and that the Court declare that defendant Mattie E. Shanks is the sole and exclusive owner of the song, that none of the other defendants have any right to the song, that defendant Mattie E. Shanks was the joint owner of the song during the life of the song writer, that plaintiff be declared to be a trustee for defendant Mattie E. Shanks, in respect of the copyright, the renewal and all rights, receipts and royalties now due and owing, and directing the plaintiff to account to the defendant Mattie E. Shanks for any profits, royalties, and other benefits. Cross-answers of the other defendants to the answer of Mattie E. Shanks merely deny the allegations contained in that answer as far as the other respective defendants are concerned. On July 10, 1944, defendant Mattie E. Shanks filed a demand for a jury trial, and on the same day, plaintiff served its notice of motion to strike the demand.

Interpleader is almost entirely equitable, although not wholly unknown at common law. The present action, brought under the Judicial Code, is based on equity. 28 U.S.C.A. § 41(26). Specific performance is solely equitable. An action striking records in the Copyright Office of the Library of Congress is solely equitable. An accounting is usually equitable. These remedies sought do not leave any matter triable by a jury. Even the remedies sought by defendant Mattie E. Shanks are all equitable. The case has developed many complications, especially in view of defendant Mattie E. Shanks' answer and cross-

complaint against the other defendants and their answers to those charges. The entire matter is one which a judge sitting alone can best unravel.

Motion granted.